U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 3 0 2008
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JORGE RIZO-ARENCIBIA, | § | |
| Movant, | § | |
| VS. | § | NO. 4:08-CV-297-A |
| | § | (NO. 4:06-CR-179-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Jorge Rizo-Arencibia ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed movant's motion, the record, and applicable authorities, the court concludes that the motion should be denied.

I.

Background

On October 18, 2006, movant was named in a one-count indictment charging him with transporting aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(B)(i). On December 15, 2006, movant pleaded guilty to the charged offense, and the court sentenced him to sixty-three months' imprisonment, to be followed by a three-year term of supervised release. On December 12, 2007, the United States Court of Appeals for the Fifth Circuit affirmed movant's conviction and sentence.[1] Movant filed the instant

---

[1] After filing the notice of appeal, movant's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). On December 12, 2007, the Fifth Circuit granted counsel's motion to withdraw and dismissed the appeal.

motion on May 5, 2008.

## II.

## Grounds of the Motion

Movant alleges that his counsel was ineffective for failing to offer proof: (1) that certain previous offenses were improperly included in calculating his criminal history category in the presentence report ("PSR"); and, (2) that he was not arrested on May 31, 2006, as alleged in the PSR, and therefore the PSR wrongly added criminal history points on the basis of the non-existent arrest.

## III.

## Applicable Standards

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result

in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).

IV.

## Analysis

To prevail on his ineffective assistance of counsel claims, movant would have to show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Both prongs of the <u>Strickland</u> test must be met to demonstrate ineffective assistance. <u>Id.</u> at 697. Judicial scrutiny of this type of claim must be highly deferential, and the movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id.</u> at 689. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000).

Movant first argues that his counsel was ineffective for failing to offer proof that his PSR criminal history category was erroneously calculated because it wrongfully included: 1) a 2001 state court assault conviction which was identified in the indictment of a later case but for which no records were located; and, 2) a 2004 state court case involving credit card abuse, to which movant pleaded guilty and received four years' deferred

3

adjudication. In his supporting memorandum, movant does not address the 2004 conviction but instead argues only that his attorney failed to require the government to provide "direct, conclusive, and tangible evidence" that the 2001 conviction actually existed, and failed to make this objection to the court and obtain findings. The record contradicts movant's contentions.

The record reflects that, in his objections to the PSR, movant's counsel specifically objected to inclusion of, and expressly requested that the court disregard, the 2001 conviction. Further, the transcript of the sentencing hearing reveals that, during the hearing, movant's counsel objected to inclusion of the 2001 conviction, which the court overruled. Transcript of Proceedings at 7-10, 4:06-CR-179-A (April 6, 2007). The court expressly found movant had been convicted of assault and that the conviction was properly included in the criminal history calculation. Id. at 10. That the court overruled counsel's objections is not evidence of inadequate representation.[2] See Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983); see also U.S. v. Wilbourn, 1995 WL 449624 at *5 (5th

---

[2] In his motion, although not in his supporting memorandum, movant asserts that at the sentencing hearing his attorney should have challenged the inclusion of movant's deferred adjudication rendered upon his 2004 guilty plea. Although movant's attorney raised this issue in his objections to the PSR, the responses of the government and the probation officer make clear that such inclusion is authorized by U.S. Sentencing Guidelines § 41A.2(f), leaving no serious challenge to this issue. In an April 2, 2007, order, the court noted its tentative conclusion that "all objections made by [movant] are without merit" and cautioned the parties to consider this tentative conclusion in deciding which objections to pursue at the sentencing hearing. In light of the court's order, movant's attorney could reasonably have decided he would not raise a meritless objection at sentencing; such is not deficient performance under Strickland. See Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

Cir. July 10, 1995)(finding attorney's performance not deficient where attorney raised objection at sentencing hearing but was overruled by court). Movant's first ground is without merit.

Movant's second ground likewise fails. Movant challenges the addition of points to his criminal history calculation for committing the "instant offense" while on probation. Specifically, movant was on probation for a state court offense until June 21, 2006. The PSR added points for what it termed movant's arrest on May 31, 2006, while movant was still on probation. The instant offense occurred on October 1, 2006. Movant contends that because he was not actually arrested on May 31, 2006, no offense occurred while he was on probation, and the PSR erroneously added criminal history points both for the arrest and for the offense committed while on probation.

Movant contends that his counsel was ineffective for failing to investigate or produce evidence that he was never actually arrested on May 31, 2006. Movant argues that if his attorney had investigated and established that no arrest occurred, points would have to be deducted from his PSR criminal history score, thus lowering his sentence. Again, however, the record contradicts movant's assertions. In his objections to the PSR, movant's counsel objected to use of the arrest or any uncharged conduct in adding criminal history points, and the government concurred with counsel's recommendation. However, in the second addendum to the PSR, the probation officer explained that the events of May 31, 2006, were considered "relevant conduct," and

5

offered Fifth Circuit authority for including that conduct in calculating movant's criminal history points. Movant's counsel reiterated his objections during the sentencing hearing, and it is evident from the transcript that the court found counsel's objections persuasive, but was bound to follow Fifth Circuit precedent, and overruled the objections. Transcript of Proceedings at 12, 4:06-CR-179-A (April 6, 2007). Although movant clearly preferred a different outcome, the fact that his counsel's objections were unsuccessful does not mean that counsel's efforts were deficient. See Youngblood, 696 F.2d at 410; see also Wilbourn, 1995 WL 449624 at *5.

Movant has adduced nothing as to either ground in his motion that would overcome the strong presumption that his attorney's conduct fell within the wide range of reasonable professional assistance. See Strickland v. Washington, 466 U.S. at 687-689.

V.

ORDER

For the reasons discussed above,

The court ORDERS that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED June 30, 2008.

JOHN McBRYDE
United States District Judge

6